# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 26, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
Wilmington, DE 19899

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

> Re: *Twitter, Inc. v. Elon R. Musk et al.*,
> C.A. No. 2022-0613-KSJM

Dear Counsel:

This letter further addresses the Second Motion for Leave to Amend Defendants' Verified Counterclaims, Answer, and Affirmative Defenses filed by Defendants Elon R. Musk, X Holdings I, Inc. and X Holdings II, Inc. (collectively, "Defendants") on September 9, 2022.[1] Plaintiff Twitter, Inc. filed its opposition on September 21, 2022.[2] I granted Defendants leave to amend on September 22, 2022, but left open Plaintiff's request for discovery relating to the subject matter of the amendment, concerning former Twitter

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 440 ("Second Mot. to Amend").

[2] Dkt. 566 ("Opposition").

employee and whistleblower Peiter Zatko.[3]  Defendants filed a reply in further support of their Second Motion to Amend on September 23.[4]  I assume that the reader is familiar with the background of this dispute, so I will skip to the facts germane to the motion at issue.

I have reviewed Defendants' reply in further support of their Second Motion to Amend, which moots most of the discovery issues that I had identified in my prior letter.[5] As I understand it, Defendants maintain their objections to Plaintiff's Zatko-targeted discovery to the extent it requires Defendants to produce or log documents related to Zatko but not related to Zatko's whistleblower complaint.[6]  Defendants requested Zatko as a document custodian in initial lists to Plaintiff, and Plaintiff's request would sweep in communications on that issue.[7]  These communications do not seem to be what Plaintiff is seeking.  At the same time, Plaintiff is concerned that excluding this category of documents might result in the exclusion of the types of documents concerning Zatko that Plaintiff is, in fact, seeking.[8]  As a compromise, Plaintiff has suggested mitigating the burden on Defendants by accepting a metadata-only privilege log for communications solely among counsel; Defendants have rejected this suggestion.[9]

---

[3] Dkt. 580 ("First Letter Addressing Second Mot. to Amend").

[4] Dkt. 596 ("Reply").

[5] Reply at 2.

[6] *Id.* at 2–3.

[7] *Id.* at 3.

[8] Opposition at 12–13.

[9] Opposition at 11; Ex. A at 1, 4.

Another possibility is that Defendants prepare a category log for the group of Zatko documents it objects to producing. As the Guidelines explain:

> It may be possible for parties to agree to log certain types of documents by category instead of on a document-by-document basis. Categories of documents that might warrant such treatment include internal communications between lawyer and client regarding drafts of an agreement, or internal communications solely among in-house counsel about a transaction at issue.[10]

It bears noting that, as a general matter, where the parties have not agreed in advance to prepare category logs as an alternative to traditional logs, a party relying on a category log risks waiver of privilege.[11] But where the court has ordered it, that risk is eliminated. The benefit of category logs is that it reduces the burden to the producing party while assuring the requesting party that an attorney has reviewed each document and attested, as an officer of the court, to its privilege and that it falls within the excepted category subject to the minimized logging protocol. This sort of arrangement would allay my concerns. As is typical, I would ask a senior Delaware attorney on the team to spearhead and certify the effort.

---

[10] Guidelines § II.7.c.iv.B at 18.

[11] *See, e.g.*, *Klig v. Deloitte LLP*, C.A. No. 4993-VCL, at 3-4 (Aug. 6, 2010) (TRANSCRIPT) (attached as Exhibit 1) ("The listing of categories is not sufficient. There may be situations where a specified category of documents makes sense to list on a log, particularly if you talk to the other side and explain that, and it is particularized and is of a type that somebody can look at and address it.").

The parties shall present argument on the scope of additional discovery and their

positions on the two proposed privilege log alternatives during the September 27, 2022

hearing.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc: All counsel of record (by *File & ServeXpress*)